# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ERNEST PHILLIPS**                                                                               **PLAINTIFF**

**v.**                                                        **CAUSE NO. 1:25CV201-LG-BWR**

**HARRISON COUNTY**                                                       **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Ernest Phillips initiated this action on June 27, 2025. At the time, he was a pretrial detainee at the Harrison County Adult Detention Center. On August 6, 2025, the Court ordered Phillips to respond to certain inquiries regarding the Complaint, by August 20. Having received no response, on September 4, the Court entered the Order to Show Cause [10], directing him to show cause why this case should not be dismissed for failure to obey a Court Order [6]. Still having received no response, the Court entered a Second Order to Show Cause [12], on October 6, giving Phillips one last chance to either comply or show cause.

All Orders were mailed to Phillips's address of record but were returned as undeliverable. To date he has not responded, provided a change of address, or otherwise contacted the Court. The Court has warned Phillips that failure to comply, including failure to keep the Court apprised of his address, may result in this case being dismissed. It is apparent from Phillips's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629–30. Since Defendant has never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 4th day of November, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE